UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GETINGE USA SALES, LLC, et al.,<br><br>Defendants. | Case No. 22-cv-02945-HSG (KAW)<br><br>**ORDER REGARDING JUNE 29, 2023 DISCOVERY LETTER**<br><br>Re: Dkt. No. 42 |

After an autoclave door allegedly opened during a sterilization cycle causing damage at the University of California San Francisco in April 2019, Plaintiffs Regents of the University of California and Travelers Indemnity Company brought this action against Defendants Getinge USA Sales, LLC and Tuttnauer U.S.A. Co., Ltd., asserting claims of negligence, strict product liability, and breach of contract. On June 29, 2023, the parties filed a joint discovery letter concerning whether Plaintiffs are obligated to produce documents in response to Defendant Getinge's third set of Requests for Production ("RFP"). (Joint Ltr., Dkt No. 42.) Judge Haywood S. Gilliam, Jr. referred all discovery matters to the undersigned.[1] (Dkt. No. 43.)

**A.   Autoclave Room Restoration Project**

Defendant's RFP 23 to Plaintiff Regents requested "[a]ny and all communications or documents of any type regarding Plaintiffs' autoclave room restoration project, including, but not limited to, project meeting minutes." (Joint Ltr., Ex. C at 9.) Plaintiff responded that "the project file [was] in review" and the documents within the file would be "produced once they are

---

[1] The parties are advised that any future discovery disputes must fully comply with the undersigned's standing order, available at: https://cand.uscourts.gov/judges/westmore-kandis-a-kaw/.

accessible following the review." (Joint Ltr., Ex. C. at 9-10.) Defendant argues "[i]t is indisputable that responsive, non-privileged documents exist, and [it] should not have to wait for any purported project file review to be completed before it receives these documents." (Joint Ltr. at 2.) Plaintiffs respond that they have "repeatedly assured Defendant the records would be produced" and "[t]he Regents, the University of California, and their insurers are in the middle of their review process," which is "taking time." (Joint Ltr. at 3.)

Plaintiffs do not further expand on why the file review prevents them from producing the requested documents now. Nor do they cite any authority to support that the documents do not need to be produced until after the review is complete. In the absence of such authority, the Court agrees with Defendant that it should not have to wait to receive the requested documents. Accordingly, the Court ORDERS Plaintiff Regents to produce documents requested by RFP 23 within **30 days** of the date of this order.

### B. Removal and Destruction of the Autoclave

RFPs 31 to 33 request all communications with Lawson Drayage, Inc. concerning the autoclave, as well as all communications regarding the removal and destruction of the autoclave. (Joint Ltr., Ex. C. at 13-14.) Defendant asserts that "[i]n response, Plaintiffs produced … five pages of documents, including two e-mails and three photographs," and argues that testimony indicates that additional responsive documents exist, and Plaintiff should produce them now rather than once the project file is reviewed. (Joint Ltr. at 2.) Plaintiffs again respond that the documents will be produced once the file review is complete. (Joint Ltr. at 3.) However, the Court again concludes that in the absence of explanation or authority to support why the file cannot be produced now, Defendants are entitled to such production. Accordingly, the Court ORDERS Plaintiff Regents to produce documents requested by RFPs 31 to 33 within **30 days** of the date of this order.

### C. Sedgwick's General Adjuster and Travelers' Risk Control Inspector

Defendant requested that Plaintiff Regents produce documents from Vincent Paolini, insurer Sedgwick's regional general adjuster who met with the University, and David Meeker, an inspector assigned by Travelers. (Joint Ltr. at 2-3.) Defendant argues the Court should overrule

Plaintiffs' "attorney-client privilege and/or attorney work product" objections because there is no indication the communications with these individuals were made to counsel for the purpose of legal advice and the individuals were employed to determine whether insurance coverage applied, not to prepare documents in anticipation of litigation. (Joint Ltr. at 3.) Additionally, Defendant argues Plaintiffs have waived any claimed privilege by failing to produce a privilege log. (Joint Ltr. at 3.) Plaintiffs respond that there has not been a meaningful meet and confer on this issue, it has already produced many records from Paolini and Meeker, and it offered to request additional records. (Joint Ltr. at 5.)

Based on Plaintiffs' representation that a meaningful meet and confer has not occurred and based on Plaintiffs' apparent willingness to continue to work to resolve the dispute, the Court does not believe intervention is yet warranted, especially given that Paolini is not employed by Plaintiffs. Rather, the Court ORDERS the parties to further meet and confer within **ten days** of the date of this order to attempt to resolve the dispute. If the parties are unable to resolve the dispute, they may submit an updated discovery letter addressing the issue.

### D. Evaluations and Reviews

Defendant requested "[a]ny and all communications or documents of any type regarding Mr. Celestus Thorne's performance as an employee of UCSF, including, but not limited to, his evaluations, performance reviews, and yearly memorandums for these evaluations/reviews." (Joint Ltr. at 3.) Plaintiffs objected that the request was not reasonably calculated to lead to the discovery of admissible evidence, it was harassing, and sought sensitive confidential information about an employee. (Joint Ltr. at 3.) Defendant argues that because previous discovery identified Thorne as the primary operator of the autoclave, his "performance as an employee at UCSF while he was operating the relevant autoclave is directly relevant to the claims and defenses in this case and the requested documents should be produced." (Joint Ltr. at 3.) Plaintiff responds that there has not been a meaningful meet and confer on this issue. (Joint Ltr. at 5.) Substantively, Plaintiff argues that since Thorne is not a party to this lawsuit, his confidential employment records are protected by both the California State and United States constitutions, and Defendant has not shown a compelling state interest warranting a violation of Thorne's privacy, especially given that

Thorne and his supervisor "have already testified in their depositions about several minor incidents in Mr. Thorne's long career, none of which involve in any way operating the autoclave." (Joint Ltr. at 5.)

While the Court agrees with Defendant that certain aspects of Thorne's performance—especially any incidents related to the autoclave—may be relevant to the issues presented in this case, it is not convinced that Defendant has shown that its need for the information outweighs Thorne's privacy right in his employment files. *Hardin v. Mendocino Coast Dist. Hosp.*, 2019 WL 1493354, at *5 (N.D. Cal. Apr. 4, 2019). This is especially true since Defendant has already deposed Thorne and his supervisor. The Court believes a further meet and confer will be beneficial to the parties to address whether their dispute can be resolved by narrowing the request and/or use of a protective order. Thus, the Court ORDERS the parties to further meet and confer within **ten days** of the date of this order to attempt to resolve the dispute. If the parties are unable to resolve the dispute, they may submit an updated discovery letter which should specifically address the balancing of Defendant's need for the information against Thorne's privacy right.

This order disposes of Dkt. No. 42.

IT IS SO ORDERED.

Dated: August 4, 2023

_____
KANDIS A. WESTMORE
United States Magistrate Judge